IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY EDWARDS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 19-CV-1947-S-BK |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § | |
| | § | |
|     DEFENDANT. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the United States Magistrate Judge for pretrial management. Now before the Court is Plaintiff's *First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction*. Doc. 16. For the reasons that follow, Plaintiff's motion for a temporary restraining order and temporary injunction should be **DENIED**.

Plaintiff filed this *pro se* action in state court in July 2019, seeking to prevent the foreclosure of her home. Doc. 1-5 at 2-10. Defendant removed the case to this Court based on federal question and diversity jurisdiction, and Plaintiff filed an amended complaint in November 2019. Doc. 1; Doc. 7. On January 30, 2020, Plaintiff filed the instant motion, claiming that Defendant foreclosed on her home in February 2017 and notified her in May 2017 that she had to vacate the premises. Doc. 16 at 2. Plaintiff asserts that Defendant is refusing to allow her to participate in federal homeowners' assistance programs and denying her "a fresh start." Doc. 16 at 2-3. She requests that the Court immediately enjoin Defendant and those acting on its behalf from evicting her from her home. Doc. 16 at 4-5.

The four elements a plaintiff must establish to secure emergency injunctive relief are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) the grant of injunctive relief will not disserve the public interest. *Canal Auth. of the State of Fl. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir. 1974). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th Cir. 1989). While Plaintiff has alleged that she will suffer irreparable injury if the Court does not grant the requested relief, she has not established a substantial likelihood of success on the merits of her claims nor has she addressed the latter two elements required to obtain emergency injunctive relief. Accordingly, Plaintiff's motion for a temporary restraining order and temporary injunction, Doc. 16, should be summarily **DENIED**.

**SO RECOMMENDED** on February 3, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

2