IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFANY EDWARDS, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 19-CV-1947-S-BK |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause is before the undersigned for pretrial management. Plaintiff filed this *pro se* action in state court in July 2019, seeking to prevent the foreclosure of her home. Doc. 1-5 at 2-10. Defendant removed the case to this Court, and Plaintiff filed an amended complaint in November 2019, raising claims under the Real Estate Settlement Procedures Act ("RESPA") and the Making Homes Affordable program ("MHAP"). Doc. 1; Doc. 7. Defendant filed a *Motion for Summary Judgment* on December 31, 2020, but Plaintiff did not file a response to the motion. Doc. 24. Defendant asserts in its subsequent *Status Report* that due to Plaintiff's failure to prosecute the matter, the Court should dismiss the case pursuant to its motion or, alternatively, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Doc. 28.

In light of Plaintiff's failure to respond to Defendant's summary judgment motion, the Court directed her to file a response by March 15, 2021 if she was opposed to the dismissal of her case. Doc. 29. The Court warned Plaintiff that if she did not respond, she risked dismissal of her case without further notice. Doc. 29. Plaintiff's extended response deadline has now passed and she has not complied with the Court's order.

Rule 41(b) permits a court to dismiss an action for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant's summary judgment motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice. Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations would prevent a party from refiling their case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).

Here, the actions underlying Plaintiff's complaint – foreclosure proceedings and a resulting notice to vacate the premises – occurred in February and May 2017, respectively. Doc. 16 at 2-3. Because RESPA has a three-year statute of limitations, however, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice. *See* 12 U.S.C. § 2614 (providing three-year statute of limitations for claims brought under RESPA, 12 U.S.C. § 2605).[1] Nevertheless, Rule 41(b) permits a court to dismiss an action with prejudice for failure to prosecute or comply with a court order or the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) the delay was caused by intentional misconduct. *Id.*

---

[1] Plaintiff's claim under the MHAP fails as a matter of law because that program does not provide for a private cause of action. *Pennington v. HSBC Bank USA, N.A.*, 493 Fed .Appx. 548, 552 (5th Cir. 2012) (citing *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012)).

Here, shortly after the case was removed, the Clerk of the Court notified Plaintiff that she was required to register to use the Court's electronic filing system unless she received a waiver of the requirement. Doc. 5. Plaintiff neither registered nor requested a waiver. Indeed, her last active involvement in the case was on January 30, 2020 when she sought temporary injunctive relief, Doc. 16, which was denied, Doc. 21. Additionally, Plaintiff failed to keep the Court informed of her current mailing address, as she was ordered to do lest her case possibly be dismissed. Doc. 5 at 1. In fact, the Court's last two mailed orders were received back in March 2021 with a "return to sender" notation. Doc. 30; Doc. 33. Defendant's currently pending *Motion for Summary Judgment* followed, and, as detailed above, Plaintiff failed to respond to the motion despite being given extra time to do so.

In this case, Plaintiff has ignored three Court directives and has generally failed to prosecute her case. Because Plaintiff is proceeding *pro se*, the delay caused by her failure to litigate her case is attributable to her alone. *Berry*, 975 F.2d at 1191. Moreover, given that the case has been pending in this Court since August 2019, with no activity by Plaintiff for the past 18 months, the Court finds that any further delay in resolving it will result in actual prejudice to Defendant. *Id.* In light of Plaintiff's intentional failure to respond to Court orders and Defendant's dispositive motion, the age of the case, and the prejudice to Defendant, no lesser sanction than dismissal with prejudice will suffice.

Accordingly, Plaintiff's case should be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**SO RECOMMENDED** on July 7, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).